47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Joseph ANTHONY, Defendant-Appellant,
 No. 94-1652.
 United States Court of Appeals, Sixth Circuit.
 Jan. 12, 1994.
 
 Before: SUHRHEINRICH and LIVELY, Circuit Judges; and DUGGAN, District Judge.*
 PER CURIAM.
 
 
 1
 On August 11, 1993, a two-count indictment was filed against defendant, alleging that defendant, an Indian, had sexual contact with a non-Indian in violation of 18 U.S.C. Sec. 1153[1] and Sec. 2243(a)[2].
 
 
 2
 On December 13, 1993, at the commencement of trial, the parties stipulated that defendant was an Indian and that the incidents, if they occurred, took place at a Sault Ste. Marie Housing Project in St. Ignace, which is "Indian county" as defined by 18 U.S.C. Sec. 1151.[3] On December 14, 1993, defendant was found guilty by a jury on count II of the indictment,[4] and on June 1, 1994, was sentenced to twelve months imprisonment, one year supervised release and was ordered to pay a $50 special assessment.
 
 
 3
 Defendant appeals his conviction alleging that:
 
 
 4
 (1) there was insufficient evidence produced at trial to sustain a conviction;
 
 
 5
 (2) the district court lacked subject matter jurisdiction over the trial; and
 
 
 6
 (3) trial counsel's performance constituted ineffective assistance of counsel.
 
 Sufficiency of the Evidence
 
 7
 The relevant portion of the applicable statute, 18 U.S.C. Sec. 2244(a)(3), prohibits an individual from knowingly engaging in "sexual contact" with a person 12 through 15 years of age, who is also at least 4 years younger than "the person so engaging." A relevant portion of 18 U.S.C. Sec. 2245(3) defines "sexual contact" as "intentional touching, either directly or through the clothing, of the ... breast ...." The victim testified that defendant touched her "chest" under her clothing while she was asleep in her bedroom.
 
 
 8
 Defendant contends that the government failed to prove beyond a reasonable doubt that defendant touched the victim's "breast," that defendant intended to touch the victim or that the defendant acted with the specific-intent proscribed by the statute.[5] Defendant, therefore, contends that the evidence produced at trial was insufficient for a jury to find the defendant guilty of a criminal act. This Court, having carefully reviewed the record from the trial court, is satisfied that a reasonable jury, considering all the evidence that was introduced, including the victim's own testimony that while she was asleep in bed, defendant "touched her under her clothing," that she was touched on her "chest," and that it is was not typical for defendant to be in her bedroom, could find, beyond a reasonable doubt, that defendant knowingly engaged in sexual contact with the victim who was thirteen years of age at the time of the incident.[6]
 
 Jurisdiction
 
 9
 Defendant contends that in order for the district court to have jurisdiction over this criminal proceeding, the government must introduce evidence sufficient to establish jurisdiction. Defendant further contends that the parties' stipulation that the incidents, if they occurred, took place in "Indian country," is insufficient to confer jurisdiction upon the district court. This Court agrees that the parties' stipulation cannot confer jurisdiction upon the district court.
 
 
 10
 However, this Court, concludes, from a review of the record, that sufficient evidence was introduced by the government to establish jurisdiction, and that no evidence was presented which would refute the evidence offered in support of jurisdiction.[7] In fact, both government and defense witnesses,[8] including defendant himself, testified at trial that the victim lived on a reservation; specifically, defendant testified that in March of 1993, when the incident occurred, he was living on the Sioux tribe reservation with the victim.
 
 Ineffective Assistance of Counsel
 
 11
 Defendant claims that he received ineffective assistance of counsel. He contends that his counsel's representation of him was deficient in two respects: stipulating to jurisdiction even though the government had not shown that jurisdiction existed, and introducing hearsay testimony that filled the gaps in the government's case-in-chief and then failing to request an appropriate instruction regarding the use of that evidence by the jury.[9]
 
 
 12
 This Court declines to rule on defendant's claim of ineffective assistance of counsel, because there is not an adequate record presented to this Court upon which this Court could rule. Defendant should first present his claim of ineffective assistance of counsel to the trial court in a proceeding pursuant to 28 U.S.C. Sec. 2255, so that an adequate record can be developed. United States v. August, 984 F.2d 705 (6th Cir. 1992), cert. denied, U.S. , 114 S.Ct. 158, 126 L.Ed.2d 119 (1993); United States v. Wunder, 919 F.2d 34 (6th Cir. 1990). In so declining, this Court expresses no opinion as to the merits of defendant's claim.
 
 Conclusion
 
 13
 For the reasons set forth above, defendant's conviction is AFFIRMED.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 18 U.S.C. Sec. 1153, known as the Major Crimes Act, reads in pertinent part:
 (a) Any Indian who commits against the person ... of another Indian or other person any of the following offenses, namely, ... a felony under chapter 109A, ... within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.
 The government alleges that commission of 18 U.S.C. Sec.2244(a)(3) is a felony under chapter 109A of Title 18. Defendant does not challenge this assertion.
 
 
 [2]
 18 U.S.C. 2243(a) reads in pertinent part:
 Sec. 2243. Sexual abuse of a minor or ward
 (a) Of a minor.--Whoever, in the special maritime and territorial jurisdiction of the United States ... knowingly engages in a sexual act with another person who--
 (1) has attained the age of 12 years but has not attained the age of 16 years; and
 (2) is at least four years younger than the person so engaging;
 ... shall be fined under this title, imprisoned not more than 15 years or both.
 Although the indictment referenced this section, the government clarified that the indictment was based on Sec. 2244(a)(3) involving sexual contact not a sexual act.
 
 
 [3]
 18 U.S.C. Sec. 1151 defines "Indian country" in relevant part as (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, ... (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether within or without the limits of a state .... (emphasis added)
 
 
 [4]
 Count II involved defendant's stepdaughter ("victim" herein). Count I involved defendant's stepdaughter's girlfriend. The jury found defendant not guilty on count I
 
 
 [5]
 18 U.S.C. Sec. 2245(3) defines "sexual contact" as certain types of intentional touching made "with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person"
 
 
 [6]
 Defendant was thirty-five years old at the time of the incident
 
 
 [7]
 Defendant does not assert that the incident did not occur in Indian country; he argues only that the government failed to offer sufficient proofs to establish that fact
 
 
 [8]
 The victim's girlfriend (the victim in count I) testified that defendant's stepdaughter lived on the "rez" or reservation, J.A., at 192; two protective services workers, witnesses called on defendant's behalf, testified that both victims lived on and the incident occurred on a reservation; id., at 175, 180, 185
 
 
 [9]
 This Court notes that throughout defendant's briefs, he cites numerous alleged errors of defense counsel; however, for purposes of this appeal, he focuses on these two errors